**UNITED STATES DISTRICT COURT**
**for**
**NORTHERN DISTRICT OF TEXAS**

# Petition for Person Under Supervision

| | |
|---|---|
| Person Under Supervision: | Aaron Joe Davis Case No.: 2:15-CR-022-Z(01) |
| Name of Sentencing Judge: | Senior U.S. District Judge Mary Lou Robinson (Pursuant to Special Order 3-327, reassigned to U.S. District Judge Matthew J. Kacsmaryk on August 1, 2019.) |
| Date of Original Sentence: | July 7, 2015 |
| Original Offense: | Attempted Enticement of a Child, 18 U.S.C. § 2422(b), Class A Felony |
| Original Sentence: | 121 months custody as to count 1 to run consecutive to any sentence imposed in Case No. 25343-C, 181st District Court of Randall County, Texas; 5-year term of supervised release |
| Revocations: | April 4, 2024: 12 months custody, 14-year term of supervised release.<br>April 29, 2025: 18 months custody, 102-month term of supervised release. |
| Detainers: | None. |
| U.S. Marshals No.: | 49160-177 |
| Type of Supervision: | Supervised Release Date Supervision Commenced: July 10, 2026 |
| Assistant U.S. Attorney: | Joshua Jerome Frausto Defense Attorney: Bonita L. Gunden (Court appointed) |

## Petitioning the Court for Action for Cause as Follows:

To issue a violator's warrant.

The probation officer believes the person under supervision violated the following conditions:

**I.**

**Violation of Standard Condition No. 5**

The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change.

**Violation of Other Condition No. 7 & 9**

If the defendant is required to register under the Sex Offender Registration and Notification Act, the defendant shall comply with the requirements of that Act (see 18 U.S.C. § 3583(d)).

**Nature of Noncompliance**

Aaron Joe Davis violated this condition of supervision by failing to notify the U.S. Probation Office in Amarillo, Texas, of his change of address. On August 27, 2026, a Sex Offender compliance check was conducted by Amarillo Police Department (APD), Amarillo, Texas, at Mr. Davis' registered address. Mr. Davis' mother reported he was not residing there and was unaware of his whereabouts. Subsequently, a case is being investigated for a possible Failure to Register as a Sex Offender offense. On September 11, 2026, U.S. Probation Officer Juan Lopez (USPO Lopez) conducted a home visit at the address on file in Amarillo, Texas. Mr. Davis' mother indicated Mr. Davis was no longer residing with her and had not seen him for over a month. She reported she was unaware of Mr. Davis' whereabouts. Numerous phone calls have been attempted to locate Mr. Davis, however, no contact has been established. Mr. Davis' whereabouts are unknown at this time, and he has not made himself available for supervision.

**II.**

**Violation of Other Condition No. 2**

The defendant shall not unlawfully possess a controlled substance (*see* 18 U.S.C. § 3583(d)).

**Violation of Other Condition No. 4**

The defendant shall refrain from any unlawful use of a controlled substance and submit to one drug test within 15 days of release on supervised release and at least two periodic drug tests thereafter (as determined by the court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the court for any individual defendant if the defendant's presentence report or other reliable information indicates a low risk of future substance abuse by the defendant (*see* 18 U.S.C. § 3583(d)).

**Violation of Other Condition No. 12**

The defendant shall participate in an outpatient program approved by the probation officer for treatment or narcotic, drug, or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, and contributing to the costs of services rendered (copayment)at the rate of at least $25 per month.

**Nature of Noncompliance**

On August 13, 2026, Mr. Davis submitted a urine specimen for testing at Dailey Recovery Service (DRS), the substance abuse treatment provider in Amarillo, Texas, which tested positive for methamphetamine. Confirmation has been requested from Abbot Toxicology and remains pending.

On September 8 and 14, 2026, Mr. Davis failed to attend his random urine specimen collection at DRS.

**Personal History**

Aaron Joe Davis commenced his third term of supervised release under the supervision of the U.S. Probation Office in Amarillo, Texas, on July 10, 2026. Prior to absconding from supervision, Mr. Davis resided with his mother in Amarillo and experienced difficulty obtaining employment.

Mr. Davis' noncompliant behavior during the current term of supervision reflects a patter similar to that demonstrated during his prior terms of supervised release. Approximately one month after commencing supervision, Mr. Davis resumed substance use and failed to report for scheduled random urine specimen collections.

Of greater concern, Mr. Davis moved out from his registered address without obtaining permission from the U.S. Probation Office and failed to report his change of address, as required based on his sex offender registration status. On August 27, 2026, the APD conducted a sex offender compliance check at Mr. Davis' registered address and determined that he was no longer residing at the residence. This information was subsequently corroborated by USPO Lopez during an attempted home contact at the address on file. Mr. Davis' mother reported that he was no longer residing with her and that she had not seen him in over a month.

Mr. Davis is currently under investigation by APD for a possible Failure to Register as a Sex Offender offense. At this time, Mr. Davis' whereabouts remain unknown, and efforts to locate him have been unsuccessful.

Mr. Davis' absconder status and use of illegal substances presents a significant concern for community safety. Accordingly, a Petition for Person Under Supervision is being submitted to the Court for revocation proceedings.

**Statutory Provisions — Protect Act Supervised Release**

| | |
|---|---|
| **Statutory Maximum Custody:** | 5 years. 18 U.S.C. § 3583(e)(3) |
| **Mandatory Revocation Statutes:** | Mandatory revocation for possession of a controlled substance and for refusal to comply with drug testing. Sentence to a term of imprisonment. 18 U.S.C. § 3583(g)(1) & (g)(3). |
| **Fine:** | None. |
| **Statutory Maximum for Reimposition of Supervised Release:** | Up to Life, minus revocation sentence. 18 U.S.C. § 3583(h). |

According to U.S. v. Jackson, 559 F.3d 368 (5th Cir. 2009), "when an initial term of supervised release is revoked, the district court may impose a new term of supervised release as part of a revocation sentence. The maximum length of this new term is calculated as follows: 'The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.'" Additionally, in U.S. v. Campos, 922 F.3d 686 (5th Cir. 2019), the Fifth Circuit held that the mandatory minimum term of supervised release that is authorized by statute for the offense that resulted in the original term of supervised release does not apply to post-revocation terms of supervised release. Therefore, a defendant is subject only to the maximum (and not any mandatory minimum) term of supervised release.

In U.S. v. Vera, 542 F.3d 457 (5th Cir. 2008), the Fifth Circuit held that the maximum allowable supervised release following multiple revocations must be reduced by the aggregate length of any terms of imprisonment that have been imposed upon revocation.

**Chapter 7 Violation Computations**

| | | |
|---|---|---|
| **Violation Grade:** | C | USSG §7C1.1(a), p.s. |
| **Criminal History Category:** | IV | USSG §7C1.5, p.s. |
| **Imprisonment Range:** | 6 to 12 months | USSG §7C1.5, p.s. |
| **Fine:** | None | USSG §7C1.4, comment. (n.4) |

Pursuant to USSG §7C1.3(b), the Court shall revoke supervised release if required by statute. Otherwise, the Court should conduct an individualized assessment, taking into consideration the grade of the violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

In Esteras v. U.S., 606 U.S. 185 (2025), the Supreme Court held that a sentencing court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when determining a sentence following a revocation of a term of supervised release.

In Tapia v. U.S., 564 U.S. 319 (2011), the Supreme Court held that 18 U.S.C. § 3582(a) does not permit a sentencing court to impose or lengthen a prison term in order to foster a defendant's rehabilitation.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 17, 2026
Respectfully submitted,

Juan Lopez
U.S. Probation Officer
Amarillo Division
Phone: 806-337-1754
Email: juan_lopez@txnp.uscourts.gov

Approved,

Gema Delgado Reyes
Supervising U.S. Probation Officer
Phone: 806-337-1752

**Order of the Court:**

☐ No action.

☒ The Issuance of a Warrant. Petition and warrant sealed and not to be distributed to counsel of record until arrest effectuated.

☐ The Issuance of a Summons.

☒ Other or Additional: To be executed as soon as possible, as Defendant's mother is "unaware of his whereabouts." See Page 2

☐ File under seal until further order of the Court.

[signature]

The Honorable Matthew J. Kacsmaryk
U.S. District Judge

9-18-26
Date